IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEBRA OWEN,  )
 )
      Plaintiff,  )
 )
v.  )   No. 12 C 8016
 )
CAROLYN COLVIN,  )
Acting Commissioner of Social Security,  )
 )
      Defendant.  )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the parties' cross motions for summary judgment. For the reasons stated below, Plaintiff Debra A. Owens' (Owens) and Defendant Social Security Administration's (SSA) motions for summary judgment are denied, and Owens' alternative motion to remand is granted. This matter is remanded to the SSA for further proceedings consistent with this opinion.

## BACKGROUND

Owens contends that her alleged onset date (AOD) of disability is December 3, 2007, and that her medical impairments include problems with her lumbar spine, pain and swelling in her lower extremities, carpal tunnel syndrome, debilitating depression and anxiety, and agoraphobia. Owens indicates that at the AOD, she was

1

43 years old, and that prior to the AOD, she had worked as a retail department manager, medical assistant, massage therapist and teller.  Owens filed her application for Social Security Disability Insurance Benefits (DIB) on August 11, 2009.  Owens' application for DIB was denied on August 27, 2009, and again upon reconsideration on December 21, 2009.  Owens timely requested a hearing, and on March 8, 2011, a hearing was held before an administrative law judge (ALJ), at which Owens testified.  On April 14, 2011, the ALJ denied Owens' DIB claim, finding that Owens was not disabled and that she retained the residual functioning capacity (RFC) to perform light work with some additional limitations.  Owens filed a Request for Review with the SSA's Appeals Council, which was denied on July 13, 2012.  On October 5, 2012, Owens filed the instant appeal from the ALJ's ruling.  The parties have now filed cross-motions for summary judgment.

## LEGAL STANDARD

Pursuant to 42 U.S.C. § 405(g), a party can seek judicial review of administrative decisions made under the Social Security Act.  When an ALJ's decision is deemed to be "the final action of the Social Security Administration, the reviewing district court examines the ALJ's decision to determine whether substantial evidence supports it and whether the ALJ applied the proper legal criteria."  *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011).

**DISCUSSION**

An ALJ examines a claim of disability under a five-step process. *Craft v. Astrue*, 539 F.3d 668, 673-74 (7th Cir. 2008). In step one, the ALJ "considers whether the applicant is engaging in substantial gainful activity." *Id.* In step two, the ALJ "evaluates whether an alleged physical or mental impairment is severe, medically determinable, and meets a durational requirement." *Id.* In step three, the ALJ "compares the impairment to a list of impairments that are considered conclusively disabling." *Id.* If the applicant's impairment satisfies "or equals one of the listed impairments, then the applicant is considered disabled" and the inquiry ends. *Id.* If the inquiry continues, in step four, the ALJ "assesses an applicant's" RFC "and ability to engage in past relevant work." *Id.* In step five, the ALJ "assesses the applicant's RFC, as well as [her] age, education, and work experience to determine whether the applicant can engage in other work" and "[i]f the applicant can engage in other work, [s]he is not disabled." *Id.*

In the instant action, Owens argues that the ALJ erred: (1) by making an improper RFC determination, and (2) by making an improper credibility determination.

I. RFC Determination

Owens argues that the ALJ erred by making an improper RFC determination. The ALJ found that Owens had the RFC "to perform light work as defined in 20 CFR 404.1567(b) that would incorporate lifting and/or carrying 20 pounds

occasionally and 10 pounds frequently; standing/walking for a total of about six hours in an eight-hour workday, with normal breaks; occasional climbing of ramps and stairs; occasional climbing of ladders, ropes, and scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; and she can frequently use the hands to perform all manipulative activities." (AR 36). In addition, the ALJ found with respect to Owens' RFC that Owens "retains the ability to understand, remember, and carry out SVP 2 level directions; can sustain focus, attention, and concentration on simple SVP 2 level tasks for two-hour intervals, with only one minute or brief periods of being off task before resuming work duties, but should not be required to make decision and should not perform fast-paced work; she can have only brief and superficial interpersonal interactions with others; and she would be limited by her anxiety and depression to routine stress and change in the work environment." (AR 36). Owens argues that such an RFC determination is not supported by substantial evidence and that the ALJ failed to incorporate all of Owens' limitations into the RFC.

As with an ALJ's other findings, in determining an applicant's RFC, the ALJ must adequately explain the basis underlying the ALJ's findings. *See Young v. Barnhart*, 362 F.3d 995, 1002 (7th Cir. 2004)(concluding that the ALJ "failed to build the accurate and logical bridge from the evidence to his conclusion" in regard to the RFC "so that, [a reviewing court could] assess the validity of the agency's ultimate findings and afford a claimant meaningful judicial review")(internal quotations omitted)(quoting *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002)).

4

An ALJ's decision is upheld "if the evidence supports the decision and the ALJ explains his analysis of the evidence with enough detail and clarity to permit meaningful review." *Id.* at 591-92 (citation omitted). In determining an applicant's RFC, the ALJ "must evaluate all relevant evidence . . . including evidence of impairments that are not severe." *Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012).

In assessing Owens' RFC, the ALJ failed to adequately address the serious complications resulting from Owens' surgery and the effect that such complications had on both Owens' physical and mental health. Owens indicates that she still had severe pain in her lower extremity and that her leg swells and falls asleep when she stands for long periods of time. (AR 66). She also indicates limitations in walking. (AR 67). In addition, Owens' medical records show degeneration of the lumbar spine. (AR 332). Owens' medical records also show significant problems resulting from her bilateral carpal tunnel syndrome. As discussed in more detail below, the ALJ did not adequately address Owens' testimony regarding her physical limitations in light of the medical records. As a result, the ALJ improperly failed to include the physical limitations indicated by Owens when determining Owens' RFC. In addition, as discussed below, the ALJ did not adequately address Owens' reports regarding her anxiety, panic attacks, and depression in light of the medical record. Therefore, the ALJ also improperly ignored the mental limitations indicated by Owens when determining Owens' RFC. In light of Owens' testimony and the medical records, and the failure of the ALJ to properly consider such evidence, this

5

case is remanded to give the ALJ an opportunity to reevaluate Owens' RFC and provide a more thorough explanation relating to Owens' RFC.

II. Credibility Determinations

Owens argues that the ALJ erred in making certain credibility determinations. Although an ALJ's credibility determinations are given deference, that deference is "not unlimited. . . ." *Shauger*, 675 F.3d at 696 (stating that "[t]he ALJ must consider a number of factors imposed by regulation . . . and must support credibility findings with evidence in the record"); *see also Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000)(stating that a court will reverse "[a]n ALJ's credibility determination only if the claimant can show it was 'patently wrong'"). For the sake of review, "a credibility determination 'must contain specific reasons for the finding on credibility, supported by the evidence in the case record.'" *Prochaska*, 454 F.3d at 738 (citations omitted).

The ALJ found that Owens' "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with the [] RFC assessment." (AR 37-38). The Seventh Circuit has repeatedly criticized this boilerplate language, stating that the "problem is that the assessment of a claimant's ability to work will often (and in the present case) depend heavily on the credibility of her statements concerning the 'intensity, persistence and limiting effects' of her symptoms, but the passage implies that ability to work is

determined first and is then used to determine the claimant's credibility." *Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012). In addition, although the ALJ goes on to state that the "allegations of debilitating symptomatology are not credible in light of the medical evidence," (AR 38), she then addresses the medical record in a conclusory manner. The ALJ did not adequately explain how the medical evidence supported her finding that Owens' testimony was not entirely credible, so as to "'build an accurate and logical bridge from the evidence to the conclusion.'" *Berger*, 516 F.3d at 544 (quoting *Clifford*, 227 F.3d at 872). In addition, the court notes that the ALJ improperly discounted Owens' complaints about the pain and parestesias in her hands by relying on the fact that Owens is resistant to undergoing a carpal tunnel release procedure. Based on the complications that occurred after Owens' spinal surgery, and her resultant Post Traumatic Stress Disorder, Owens' failure to undergo another surgery is not a proper basis for discrediting her testimony and the medical evidence relating to her carpal tunnel syndrome.

The ALJ's credibility determinations are not patently wrong, however they are not fully developed. Therefore, this action is also remanded to the ALJ to reevaluate the evidence as it relates to Owens' credibility, to further develop the record, to collect new evidence as needed, and to address in requisite detail the issue of Owens' credibility. Based on the above, although Owens has not shown that the record conclusively establishes that her claims should be granted, Owens has shown that the ALJ failed to adequately develop the record. Therefore, Owens' motion for

7

summary judgment is denied, her alternative motion to remand is granted, and SSA's motion for summary judgment is denied.

## CONCLUSION

Based on the foregoing analysis, Owens' and SSA's motions for summary judgment are denied and Owens' alternative motion to remand is granted. This matter is remanded to the SSA for further proceedings consistent with this opinion..

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   August 22, 2013